1
2
3
4
5                        **UNITED STATES DISTRICT COURT**
6                               **DISTRICT OF NEVADA**

7   XEROX CORPORATION,                          2:09-CV-1000 JCM (PAL)

8               Plaintiff,

9   v.

10  TRICKLE'S INCORPORATED, et al.,

11              Defendants.

13                                      **ORDER**

14      Presently before the court is plaintiff Xerox, Inc.'s (hereinafter "Xerox") motion for attorney's fees. (Doc. #30). To date, defendants Barbara and Charles Trickle have not filed an opposition to the motion.

17      According to Federal Rule of Civil Procedure 54(d)(2)9(D), the court's local rule "may establish special procedures by which issues relating to such fees may be resolved without extensive evidentiary hearings." A party moving for an award of attorneys' fees must also comply with the local rules. According to LR 54-16(b) and (c), a motion for attorney's fees must contain a reasonable itemization and description of the work performed, attorney affidavit, and a brief summary as described in the rule.

23      Here, plaintiff has complied with the local rule by providing the required information within its motion as well as through attached exhibits. Therefore, this court may consider the merits of the motion.

26      According to the undisputed facts, plaintiff Xerox is entitled to attorney's fees. Section 12B of the leasing agreement at issue in this case states: "[I]f you default under this Agreement, you agree

**James C. Mahan**
**U.S. District Judge**

to pay all of the costs Xerox incurs to enforce its rights against you, including reasonable attorneys' fees . . ." (Doc. #30, ex. 1). Defendant Trickles, Inc. defaulted under the agreement. (Doc. #28). As guarantors of the lease agreement, defendants Barbara and Charles Trickle guaranteed all obligations owed by Trickles, Inc. (Doc. #26, ex. 2). Therefore, defendants Barbara and Charles Trickle are obligated to pay reasonable attorney's fees. Based on the evidence provided, plaintiff Xerox is entitled to reasonable attorneys fees amounting to $7,425.00.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion for attorneys' fees and nontaxable costs (Doc. #30) be, and the same hereby is, GRANTED.

DATED June 25, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -